UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |  | |
|---|---|---|---|
| LUTHER RAY WILLIAMS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| VS. | ) | No. 20-1069-JDT-cgc | |
| | ) | | |
| KENT TREECE, ET AL., | ) | | |
| | ) | | |
| Defendants. | ) | | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On March 23, 2020, Plaintiff Luther Ray Williams, who is incarcerated at the Obion County Jail (Jail) in Union City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Williams filed the required financial documentation, (ECF No. 4), the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) Williams sues Kent Treece, who is identified as the Chief Officer at the Jail, and Correctional Officer Jennifer Shirley. (ECF No. 1 at PageID 2, 3.)

Williams states that detainees housed at the Jail are allowed to order hygiene kits from commissary using the kiosk system. The normal cost of each kit is $9.62, but indigent inmates are allowed to order one kit every seven days at no charge. Williams alleges that between April 25, 2019, and November 30, 2019, he was indigent, with no money in his

Jail account. Consequently, he obtained several hygiene kits for free during that period of time. However, on November 30, 2019, a friend put money on Williams's account. Williams alleges that Defendant Shirley then retroactively charged him for hygiene kits ordered while he was indigent, deducting a total of $151.92 from his account. He filed a grievance concerning the issue, which was denied by Defendant Treece. (ECF No. 1 at PageID 3.) Williams alleges the deduction of the funds from his account constitutes cruel and unusual punishment. (*Id.* at PageID 4.)

Williams seeks reimbursement of the funds deducted from his account. He also asks for the system to be changed so that there is no "pending fee for indigent kits on [the] books for all inmates at the Jail that is indigent with no money on the books." (*Id.* at PageID 9.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines

whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Williams filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Charging inmates and detainees for hygiene items is not unconstitutional under either the Eighth or the Fourteenth Amendments "as long as there are no serious needs going unmet due to an inability to pay." *Hooks v. State of Kentucky*, No. 3:16-CV-00187-CRS, 2016 WL 4180003, at *3 (W.D. Ky. Aug. 5, 2016); *see also Bailey v. Carter*, 15 F. App'x 245, 250 (6th Cir. 2001) (law requiring inmates to pay fee for medical visit was not unconstitutional); *Terry v. Calhoun Cnty. Corr. Facility*, No. 1:12-cv-347, 2012 WL 5198376, at *5-6 (W.D. Mich. Oct. 19, 2012) (prisoner who did not allege denial of basic hygiene supplies did not state Eighth Amendment claim). Williams does not allege that he was ever unable to obtain needed hygiene supplies or, if he was, that he suffered any harm as a result. He complains only because he was later required to pay for hygiene kits he initially got for free.

Under the Due Process Clause of the Fourteenth Amendment, Williams does have a property interest in his money. *Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997). However, deprivation of property does not state an actionable claim under § 1983 if adequate state remedies are available to redress the deprivation. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985). This is true even if the property is taken intentionally. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

4

In order to state a procedural due process claim, "the plaintiff thus must plead that his available state remedies are inadequate to redress the wrong." *Trusty v. Centurion Health Servs.*, No. 19-5872, 2020 WL 548225, * 2-3 (6th Cir. Jan. 7, 2020). Here, Williams has not alleged that any state remedy, such as filing suit in state court to recover his funds, was inadequate.

For the foregoing reasons, Williams's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Williams should be given an opportunity to amend his complaint.

In conclusion, the Court DISMISSES the complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED.

**Any amended complaint must be filed within twenty-one days after the date of this order, on or before November 3, 2020.** Williams is advised that an amended

5

complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amendment. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Williams fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                                       s/ **James D. Todd**
                                                       JAMES D. TODD
                                                       UNITED STATES DISTRICT JUDGE