UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LUTHER RAY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1069-JDT-cgc |
| ) | |
| KENT TREECE, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On October 13, 2020, the Court dismissed the *pro se* prisoner complaint filed by Plaintiff Luther Ray Williams but allowed him to file an amended complaint. (ECF No. 7.) Williams timely filed an amendment on October 27, 2020. (ECF No. 8.) The amended complaint is now before the Court for screening.[1]

In his original complaint, Williams alleged that detainees housed at the Obion County Jail (Jail) can order hygiene kits from commissary using the kiosk system. The kits cost $9.62 each, but indigent inmates may order one every seven days at no charge. From April 25, 2019, to November 30, 2019, Williams was indigent and ordered several hygiene kits for free. After a friend put money on Williams's account, however, Defendant Shirley allegedly charged Williams retroactively for hygiene kits he had ordered while he was indigent; $151.92 was deducted from

---

[1] The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 7 at PageID 31-33), and need not be repeated herein.

his account. (ECF No. 1 at PageID 3.) Williams alleged that charging him for the hygiene kits constituted cruel and unusual punishment. (*Id.* at PageID 4.)

In dismissing the original complaint, the Court concluded that charging detainees for hygiene kits was not unconstitutional under the Eighth or Fourteenth Amendments "as long as there are no serious needs going unmet due to an inability to pay." *Hooks v. State of Kentucky*, No. 3:16-CV-00187-CRS, 2016 WL 4180003, at *3 (W.D. Ky. Aug. 5, 2016). Williams's complaint made no such allegations. The Court also determined that Williams had failed to state a procedural due process claim because he did not allege that he had no adequate state remedy to recover his funds. (ECF No. 7 at PageID 33-34.)

In his amended complaint, Williams restates his original allegation that he was charged retroactively for hygiene kits that were supposed to be free. He adds that he asked a correctional officer for soap to take a shower but was told the Jail did not issue soap.[2] (ECF No. 8 at PageID 37-38.) Williams does not, however, allege that he is unable to order hygiene kits to obtain soap. He merely objects to the fact that even if he initially gets them for free, he might have to pay for them later if money is added to his account. Williams also does not allege that the absence of soap to take a shower has actually harmed him in any way. Therefore, the amended complaint still fails to state a claim on which relief may be granted.[3]

---

[2] A grievance Williams filed clarifies that soap is available only in the hygiene kits. (ECF No. 8-1 at PageID 41.)

[3] Williams also complains that the Jail employee in charge of trust accounts, Lindsay Maddox, is not complying with the Court's order assessing the civil filing fee. (ECF No. 5.) Instead of taking only 20% of a deposit, Maddox took the entire amount. (ECF No. 8-1 at PageID 50.) However, the Court's records do not show that any payments toward the filing fee have yet been received in this case. In any event, the Court does not generally issue refunds of payments that are erroneously calculated under 28 U.S.C. § 1915(b) unless the prison facility remits to the Clerk more than the total amount which is due—in this case, $350. Williams's request to add Maddox as a Defendant in this case is DENIED.

For this reason, the Court DISMISSES this case with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Williams would not be taken in good faith.  If Williams nevertheless chooses to file a notice of appeal, he must either pay the entire $505 appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Williams, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.  This strike shall take effect when judgment is entered.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE